UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 22-60163-CIV-SINGHAL

EDWARD BUCHHOLZ,

Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC.,
EQUIFAX INFORMATION SERVICES, LLC,
TRANS UNION, LLC, MIDLAND CREDIT
MANAGEMENT INC, and COMENITY, LLC d/b/a
COMENITY CAPITAL BANK,

    Defendants.
_____/

## ORDER SETTING TRIAL AND PRE-TRIAL SCHEDULE, REQUIRING MEDIATION, AND REFERRING CERTAIN MATTERS TO MAGISTRATE JUDGE

**THIS CAUSE** is set for trial during the Court's two-week trial calendar beginning on **March 13, 2023, at 9:00 a.m.**  Calendar call will be held at **10:00 a.m. on Friday, March 10, 2023**.  No pre-trial conference will be held unless a party requests one at a later date and the Court determines that one is necessary.  Unless instructed otherwise by subsequent order, the trial and all other proceedings in this case shall be conducted in **Courtroom 110 at the United States Courthouse, 299 East Broward Boulevard, Fort Lauderdale, Florida 33301**.  The parties shall adhere to the following schedule:

| Date | Event |
|---|---|
| **04/15/2022** | Parties exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1).  The parties are reminded that pursuant to S.D. Fla. L.R. 26.1(b), initial disclosures shall not be filed with the Court unless an exception noted in the Local Rules applies. |
| **05/13/2022** | All motions to amend pleadings or join parties are filed. |
| **05/27/2022** | The parties shall select a mediator pursuant to Local Rule 16.2, shall **schedule a time, date, and place for mediation**, and shall |

|  |  |
|---|---|
|  | jointly **file a notice, and proposed order scheduling mediation** via CM/ECF in the form specified on the Court's website, http://www.flsd.uscourts.gov.  If the parties cannot agree on a mediator, they shall notify the Clerk in writing as soon as possible, and the Clerk shall designate a certified mediator on a blind rotation basis.  Counsel for all parties shall familiarize themselves with and adhere to all provisions of Local Rule 16.2.  Within **three (3) days** of mediation, the parties are required to file a mediation report with the Court.  Pursuant to the procedures outlined in the CM/ECF Administrative Procedures, **the proposed order is also to be e-mailed to** singhal@flsd.uscourts.gov **in Word format.** |
| **10/21/2022** | Parties disclose experts and exchange expert witness summaries or reports. |
| **11/04/2022** | Parties exchange rebuttal expert witness summaries or reports. |
| **11/18/2022** | All discovery, including expert discovery, is completed. |
| **11/25/2022** | Parties must have completed mediation and filed a mediation report. |
| **12/02/2022** | All pre-trial motions, motions *in limine*, and *Daubert* motions (which include motions to strike experts) are filed.  **This deadline includes all <u>dispositive motions</u>.** |
| **02/28/2023** | Parties submit joint pre-trial stipulation in accordance with Local Rule 16.1(e), proposed jury instructions and verdict form, or proposed findings of fact and conclusions of law, as applicable. |

<u>**Motions *in Limine***</u>.  Each party is limited to filing one motion *in limine*.  If all evidentiary issues cannot be addressed in a 20-page memorandum, the parties may seek leave to exceed the page limit.  No reply will be filed unless ordered by the Court.  **The parties are reminded that motions *in limine* must contain the Local Rule 7.1(a)(3) certification.**

<u>***Daubert* Motions**</u>.  Each side is limited to filing one *Daubert* motion per expert, limited to 10 pages.  The response shall be limited to 10 pages and no reply will be filed unless ordered by the Court.  If all evidentiary issues cannot be addressed in a 10-page

memorandum, the parties may seek leave to exceed the page limit.  **The parties are reminded that *Daubert* motions must contain the Local Rule 7.1(a)(3) certification.**

**Summary Judgment Motions**.  The parties are reminded that strict compliance with Local Rule 56.1 is mandated.  Pursuant to Local Rule 56.1(a)(2), a statement of material facts must be supported by *specific* references to pleadings, depositions, answers to interrogatories, admissions, and affidavits on file with the Court.  In the event a responding party fails to controvert a movant's supported material facts in an opposing statement of material facts, the movant's material facts will be deemed admitted.  *See* S.D. Fla. L.R. 56.1(b).  In the interest of judicial economy, in the interest of proper and careful consideration of each party's statement of material facts, and in the interest of determining matters on summary judgment on the merits, the Court orders the parties to file any statements of material facts as follows:

1. The moving party shall file a statement of material facts as a separate filing from a motion for summary judgment.

2. Each material fact in the statement that requires evidentiary support shall be set forth in an individually numbered paragraph and supported by a specific citation.  This specific citation shall reference pages (and paragraph or line numbers, if applicable) of the cited exhibit(s).  When a material fact requires evidentiary support, **a general citation to an exhibit, without a page number or pincite, is not permitted**.

3. Each exhibit referenced in the motion for summary judgment and/or in the statement of material facts must be filed on the docket.  Exhibits which have already been filed on the docket *need not be refiled*.  If a deposition

transcript is referenced, a complete copy must be filed **which includes all exhibits**. Within twenty-four (24) hours of filing a motion for summary judgment, the movant shall separately file an index of the cited exhibits which names each exhibit and references the docket entry at which that exhibit may be found.

4. The responding party may file an opposing statement of material facts which responds to the moving party's statement of material facts. A responding party's opposing statement of material facts must specifically respond to each statement in the movant's statement by setting forth each of the individually numbered paragraphs contained in the movant's statement and after each paragraph, detail respondent's response or opposition. By way of example:

Movant's Statement of Material Facts

1. Blackacre is a vacant property located at 123 Main Street. Exhibit A ¶ 1.

2. John Smith owns Blackacre. Exhibit B ¶ 12.

Respondent's Opposing Statement of Material Facts

1. Blackacre is a vacant property located at 123 Main Street. Exhibit A ¶ 1.
   *Admitted that Blackacre is located at 123 Main Street. Exhibit A ¶ 1. Denied that the property is vacant. Exhibit C at 5.*

2. John Smith owns Blackacre. Exhibit B ¶ 12.
   *Denied as phrased. Admitted that the last recorded deed to Blackacre names John Smith. Exhibit B ¶ 12.*

5. Each exhibit referenced in the response to the motion for summary judgment and/or in the opposing statement of material facts must be filed on the docket. Exhibits which have already been filed on the docket *need*

4

*not be refiled*. If a deposition transcript is relied upon, a complete copy must be filed **which includes all exhibits**. Within twenty-four (24) hours of filing a response to the motion for summary judgment, the responding party shall separately file an index of the cited exhibits which names each exhibit and references the docket entry at which that exhibit may be found.

6. In the event that cross motions for summary judgment are filed, the Court may order the parties to submit a consolidated statement of material facts and responses as appropriate. If cross motions are anticipated, the parties may jointly move for an order to file consolidated statements prior to filing the motions for summary judgment.

**Jury Instructions and Verdict Form (if applicable)**. The parties shall submit their proposed jury instructions and verdict form jointly, although they need not agree on each proposed instruction. Where the parties do not agree on a proposed instruction, that instruction shall be set forth in bold type. Instructions proposed only by a plaintiff shall be underlined. Instructions proposed only by a defendant shall be italicized. Every instruction must be supported by citation to authority. The parties shall use as a guide the Eleventh Circuit Pattern Jury Instructions for Civil Cases, including the directions to counsel contained therein. Proposed jury instructions and verdict form, in typed form, including substantive charges and defenses, shall be submitted to the Court prior to calendar call, in Word format, via e-mail to singhal@flsd.uscourts.gov.

**Referral to Magistrate Judge**. Pursuant to 28 U.S.C. § 636 and this District's Magistrate Judge Rules, all discovery matters are referred to **Judge Alicia O. Valle.** Furthermore, pursuant to 28 U.S.C. § 636(c)(1), the parties may consent to trial and final

disposition by Judge Alicia O. Valle.  **The deadline for submitting consent is December 2, 2022.**

**Discovery**.  The parties may stipulate to extend the time to answer interrogatories, produce documents, and answer requests for admissions.  The parties shall not file with the Court notices or motions memorializing any such stipulation unless the stipulation interferes with the deadlines set forth above.  Stipulations that would so interfere may be made only with the Court's approval.  *See* Fed. R. Civ. P. 29.  In addition to the documents enumerated in Local Rule 26.1(b), the parties shall not file notices of depositions with the Court.  The parties must make every effort to resolve discovery disputes without requiring Court intervention.  Strict compliance with the Local Rules is expected, particularly with regard to motion practice.  *See* S.D. Fla. L.R. 7.1.

**Discovery Disputes**.  Judge Alicia O. Valle requires an **expedited briefing schedule** and **shortened page limitation** for discovery motions (which must contain the Local Rule 7.1(a)(3) certification of good faith conference) to prevent delay to the pretrial schedule.  The parties shall file responses to discovery motions no later than **seven (7) days** after a motion is filed.  No replies will be filed unless requested by the Magistrate Judge.  Any discovery motion and response, including the incorporated memorandum of law, shall not exceed **ten (10) double-spaced pages**.  The Court may impose sanctions, monetary or otherwise, if it determines discovery is being improperly sought or is being withheld in bad faith.

**Civility and Professionalism**.  Members of the bar and the Court are proud of the long tradition of courteous practice in the Southern District of Florida.  Indeed, it is a fundamental tenet of this Court that attorneys in this District be governed at all times by

a spirit of cooperation, professionalism, and civility. For example, and without limiting the foregoing, it remains the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible and that counsel will work to eliminate disputes by reasonable agreement to the fullest extent permitted by the bounds of zealous representation and ethical practice.

To that end, the Court advises the parties that <u>strict compliance</u> with the requirements of Local Rule 7.1(a)(3) is expected. In addition, if a motion for extension of time is opposed, this Court requires that the certificate of conferral state briefly the reason(s) for opposing counsel's objection to the requested extension.

The parties are further advised that the failure to comply with any of the procedures contained in this Order or the Local Rules may result in the imposition of appropriate sanctions, including, but not limited to, the dismissal of this action or entry of default.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 31st day of March 2022.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished to counsel of record via CM/ECF